# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY (n/k/a SUSSEX INSURANCE COMPANY), </br>  </br> Plaintiff, </br>  </br> v. </br>  </br> U.S. BANK NATIONAL ASSOCIATION, </br>  </br> Defendant </br> Third-Party Plaintiff, </br>  </br> v. </br>  </br> REDWOOD REINSURANCE SPC, LTD., SOUTHPORT LANE ADVISORS, SOUTHPORT SPECIALTY FINANCE ADMINISTRATIVE AGENCY SERVICES, and ALEXANDER CHATFIELD BURNS, </br>  </br> Third-Party Defendants. | Civil Action No.: 3:15-cv-1300-JMC </br>  </br>  </br>  </br>  </br>  </br>  </br>  </br>  </br>  </br>  </br> **CONSENT CONFIDENTIALITY ORDER** |

Whereas, the parties to this Consent Confidentiality Order ("Parties" or, individually, a "Party"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 9th day of June, 2016, ORDERED:

1. **Scope.** All documents, information, communications, and data produced in the course of discovery, all responses to discovery requests, and all deposition testimony and deposition exhibits, and any other materials which may be subject to discovery (collectively, "Documents") shall be subject to this Order concerning confidential information as set forth below.

2.  **Documents Which May be Designated Confidential.**  Any person or entity that produces documents in connection with this action may designate Documents as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY but only after review of the documents by an attorney who has, in good faith, determined that the Documents contain information protected from disclosure in accordance with the definitions and procedures below:

    a.  The "CONFIDENTIAL" designation means that the document contains information protected from disclosure by statute, sensitive personal information, sensitive business information, proprietary business information, trade secrets, or confidential research and development or other commercial information, or other information required by law or agreement to be kept confidential.

    b.  The "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation means that the document contains information or data disclosing either: (1) Nonparties' medical information protected by the Health Insurance Portability and Accountability Act ("Confidential Health Information"); (2) documents related to bank accounts belonging to Nonparties (including but not limited to account statements, account opening documents, correspondence about the nonparty account, and financial information provided by nonparties for the purpose of establishing an account) ("Nonparty Financial Information").

3.  Form and Timing of Designation.

    a.  **Documents Produced in Image Format.**  Confidential Documents produced in image format shall be so designated by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page as to which confidentiality is claimed, and in a manner which will not interfere with the legibility of the Document and which will permit complete removal of the CONFIDENTIAL or

CONFIDENTIAL-ATTORNEYS' EYES ONLY designation.  Documents produced in image format shall be designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY prior to, or contemporaneously with, the production or disclosure of the documents.  Inadvertent or unintentional production of documents produced in image format without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.  Given the volume and sensitivity of the documents to be produced in this case, the parties may mark as "CONFIDENTIAL" all documents that they produce, and documents so designated will be subject to this Confidentiality Order.  Notwithstanding section 10 below, the parties will meet and confer in good faith to resolve challenges to the designation of documents so designated.

        b.    **Confidential Documents Produced in Native Format.**  Confidential Documents produced in native format shall include a TIFF slip sheet with the Bates number, stating that the document is being produced in native format and whether it has been designated as CONFIDENTIAL or  CONFIDENTIAL-ATTORNEYS' EYES ONLY.

        c.    **Redaction of account numbers and social security number.**  Any person or entity may redact all but the last four digits of any bank or financial account number or any social security number before production, regardless of whether the document containing the number is designated as Confidential.

    4.    **Depositions.**  Portions of depositions shall be deemed CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY if designated as such when the deposition is taken or within fourteen (14) business days after receipt of the transcript.  Such designation shall be specific as to the portions to be protected.  Until the expiration of the 14-business day period, the entire deposition will be treated as confidential.

5.   Protection of "CONFIDENTIAL" Material.

a.   **General Protections.**  Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the Parties or counsel for the Parties or any other persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the Documents were disclosed (including any appeal of that litigation).

b.   **Limited Third Party Disclosures for Confidential Information.**  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(9) below, and then, except as to persons identified in subparagraphs (1) and (7) below, only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto) ("Acknowledgement"), that he or she has read and understands the terms of this Order and is bound by it. Persons identified in subparagraphs (1) and (7) below may receive disclosure of CONFIDENTIAL material without signing an Acknowledgement.  Subject to these requirements, the following categories of persons may be allowed to review Documents which have been designated CONFIDENTIAL pursuant to this Order:

(1)   in-house and outside counsel for the Parties[1], and paralegals, secretaries, and law department employees who directly assist such attorneys with the provision of legal services and who have responsibility for the preparation and trial of the lawsuit;

---

[1] For purposes of this Confidentiality Order, in-house counsel for Companion Property and Casualty Insurance Company (n/k/a Sussex Insurance Company) shall be limited to in-house counsel for Blue Cross and Blue Shield of South Carolina.

(2) Employees and former employees of a Party to this Order where the employee or former employee is engaged in assisting that Party's attorneys in the conduct of the litigation in which the information is disclosed and needs to know about the subject matter of the Documents to perform that assistance;

(3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) consultants, investigators, or experts (hereinafter referred to collectively as "Experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit;

(5) witnesses or deponents and their counsel for purposes of preparing for depositions or testimony;

(6) the Court (and any appellate court), persons employed by the Court, and court reporters transcribing the testimony or argument at a hearing or trial in this action or any appeal therefrom;

(7) auditors or insurers of any Party, or any state or federal regulator or law enforcement agency ("Regulator or Agency");

(8) outside providers of document and ESI processing, hosting, review, production, imaging, and coding services, to the extent reasonably necessary to prepare for this litigation and trial, including e-Discovery consultants and trial consultants; and

(9) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

6. Protection of "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material.

    a.  **General Protections.**  The Court recognizes that the production of Nonparty Financial Information, including information related to nonparties that are competitors of the Parties, may be requested.  In accordance with section 2(b), documents containing Nonparty Financial Information, which are produced, if any, shall be designated CONFIDENTIAL-ATTORNEYS' EYES ONLY.  To the extent any state or federal law, private-party contract, or other legal authority (altogether, "Governing Authority") permits disclosure of such Nonparty Financial Information pursuant to an order of a Court, this Order shall constitute compliance with such requirement, provided such documents are designated CONFIDENTIAL – ATTORNEYS' EYES ONLY. To the extent any Governing Authority requires a producing party to obtain a court-ordered subpoena or to give notice or obtain consent, in any form or manner, from any person or entity before disclosure, the Court finds that, in view of the protections in this Order provided for the information disclosed, the volume of documents to be produced and the ongoing oversight of this Court, there is good cause to excuse such requirement, and the Court hereby orders that the producing party is exempted from obtaining a court-ordered subpoena or having to notify or obtain consent from any person or entity prior to the disclosure provided that such documents are designated CONFIDENTIAL-ATTORNEY EYES' ONLY. To the extent that any Governing Authority requires that a person or entity be notified prior to disclosure except where such notice is prohibited by court order, the Court hereby orders, in view of the protections in this Order provided for the information disclosed, the volume of documents to be produced and the ongoing oversight of this Court, that producing parties are explicitly prohibited from providing such notice in this litigation with respect to those documents designated CONFIDENTIAL-ATTORNEYS' EYES ONLY. Documents designated CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by the Parties or

counsel for the Parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever, and with respect to the persons identified below, only to the extent necessary for preparing for and conducting the litigation in which the Documents were disclosed (including any appeal of that litigation).

      b.    **Limited Third Party Disclosures for Confidential-Attorneys Eyes Only Information.**  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Documents designated CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(8) below, and then, except as to persons identified in subparagraphs (1) and (6) below, only after the person to whom disclosure is to be made has executed an Acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it. Persons identified in subparagraphs (1) and (6) below may receive disclosure of CONFIDENTIAL-ATTORNEYS' EYES ONLY material without signing an Acknowledgement.  Subject to these requirements, the following categories of persons may be allowed to review Documents which have been designated CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to this Order:

      (1)    in-house and outside counsel for the Parties, and paralegals, secretaries, and law department employees who directly assist such attorneys with the provision of legal services, and who have responsibility for the preparation and trial of the lawsuit;

      (2)    court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

      (3)    "Experts" employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit;

(4) witnesses or deponents in this action who, on the face of the material, appear to have authored or received the material, and their counsel for purposes of preparing for depositions or testimony;

(5) the Court (and any appellate court), persons employed by the Court, and court reporters transcribing the testimony or argument at a hearing or trial in this action or any appeal therefrom;

(6) auditors or insurers of any Party, or any Regulator or Agency;

(7) outside providers of document and ESI processing, hosting, review, production, imaging, and coding services, to the extent reasonably necessary to prepare for this litigation and trial, including e-Discovery consultants and trial consultants; and

(8) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

c. No Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an Order providing such special protection. Nothing contained herein shall be considered a determination that any particular document or category of documents is relevant or should be produced in this litigation.

7. **Competitors.** Subject to paragraphs 5(b)(4) and 6(b)(3) above, no disclosure of Confidential Information shall be made to any Competitor of the producing party.[2] Any expert

---

[2] For purposes of this Confidentiality Order, a "competitor" of Companion, and Companion's former parent company Blue Cross and Blue Shield of South Carolina, is any organization or person providing commercial health, property, general liability, workers' compensation, and/or casualty insurance or claims related services, as well as any services directly related to the issuance or administration of these policies or coverage plans; and a "competitor" of U.S. Bank is any banking institution that offers trust administration services for commercial entities.

witnesses that have been retained by a party on a consulting or testifying basis who are or work for Competitors shall execute the attached form and agreement concerning their acceptance of the terms and conditions of this Order, and such document shall be provided to the producing party upon the disclosure of such expert witnesses, to the extent such expert witnesses are disclosed.  To the extent such witnesses are not disclosed, the producing party shall be provided with copies of such documents following the completion of this litigation.

      8.      **Control of Documents.**  Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of Documents designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY pursuant to the terms of this order.  Counsel shall maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the Documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.  If a Party receives a court order or valid and effective subpoena, interrogatory or similar legal process from a non-governmental or non-regulatory body that requires disclosure of any documents that have been designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, before making any disclosure, that Party must promptly notify the other Party in writing of the order or other legal process and provide at least fourteen (14) days for the other Party to object before producing the material or as much time as is reasonable if the time for production is less than 14 days.  Nothing herein shall preclude any Party from disclosing any document, regardless of designation, to any auditor or insurer of the Party or to any Regulator or Agency. Moreover, nothing herein shall be construed as requiring any Party to notify the producing Party of disclosure to any auditor, insurer, Regulator or Agency, provided that the disclosure is consistent with proper disclosure under the Right to Financial Privacy ("RFPA"), 12 U.S.C. § 3401 *et seq.*, and any other

applicable state or federal privacy law if such disclosure were made directly by a financial institution.

9. **Copies.**  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "Copies"), of Documents designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Order or any portion of such a Document, shall be immediately affixed with the designation "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if the words do not already appear on the Copy.  All such Copies shall be afforded the full protection of this Order.

10. **Filing of Confidential Materials.**  In the event a Party seeks to file any material that is subject to protection under this Order with the court, that Party shall take appropriate action to insure that the Documents receive proper protection from public disclosure including: (1) filing a redacted Document with the consent of the party who designated the Document as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY or who produced the Document in native format; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the Documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the Document under seal pursuant to the procedural steps set forth in Local Civil Rule 5.03, DSC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the Document to the court shall first consult with counsel for the Party who designated the Document as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY or who produced the Document in native format to determine if some measure less restrictive than filing the Document under seal may serve to provide adequate protection.  This duty exists irrespective of the duty to consult on the

underlying motion. If a Party who produced a Document in native format believes that the document should continue to be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, then that Party shall make a certification of confidentiality at that time. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any Document be filed under seal. The Parties understand that Documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 5.03.

11. **Challenges to Designation.** Any CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designation is subject to challenge. The following procedures shall apply to any such challenge.

a. The burden of proving the necessity of a CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designation remains with the Party asserting confidentiality.

b. A Party who contends that Documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY is inappropriate shall give written notice to the Party who affixed the designation of the specific basis for the challenge. The Party who so designated the Documents or produced the Documents in native format shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designation.

c. Notwithstanding any challenge to the designation of Documents as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, all material previously designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall continue

to be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY subject to the full protections of this Order until one of the following occurs:

(1) the Party who claims that the Documents are CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY withdraws such designation in writing;

(2) the Party who produced the Document in native format acknowledges in writing that the document should not be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY;

(3) the Party who claims that the Documents are CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY fails to move timely for an Order designating the Documents as confidential as set forth in paragraph 11.b. above; or

(4) the court rules that the Documents should no longer be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

d. Challenges to the CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designation of Documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

12. Treatment on Conclusion of Litigation.

a. **Order Remains in Effect.** All provisions of this Order restricting the use of Documents designated or presumed CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all Documents treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under this Order,

including copies as defined above (¶8) shall be returned to the producing Party unless: (1) the Document has been entered as evidence or filed (unless introduced or filed under seal); (2) the Parties stipulate to destruction in lieu of return; or (3) as to Documents containing the notations, summations, or other mental impressions of the receiving Party, that party elects destruction. Notwithstanding the above requirements to return or destroy Documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY so long as that work product does not duplicate verbatim substantial portions of the text of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY Documents.  This work product continues to be CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY Documents.

      13.     Production of Privileged or Otherwise Protected Documents or Materials.

           a.     The inadvertent or unintentional production of privileged or otherwise protected Documents or materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, the confidentiality protection of this Order, or the subject matter thereof.  Upon receiving notice from the producing Party that privileged or otherwise protected Documents or materials have been inadvertently or unintentionally produced, the receiving Party shall promptly return all copies of the designated documents or materials to the producing Party or, at the election of the Producing party, shall be destroyed.  The return or

destruction shall not be deemed an admission or concession regarding any claimed privilege or protection.

    b.  The production of privileged or work-product protected Documents or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This provision shall be interpreted consistent with the Federal Rule of Evidence 502.

  14.  **Order Subject to Modification.**  This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order.  The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

  15.  **No Judicial Determination.**  This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any specific Document or item of information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

  16.  **Persons Bound.**  This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients. If additional parties join or are joined in this action, the newly joined parties shall not have access to Documents designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY until their counsel have executed Attached A and agreed to be bound to the terms of this Protective Order.

**IT IS SO ORDERED**.

                                          s/J. Michelle Childs
                                          J. MICHELLE CHILDS
                                          UNITED STATES DISTRICT JUDGE

June 9, 2016
Columbia, SC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY (n/k/a SUSSEX INSURANCE COMPANY), )<br><br>Plaintiff, )<br><br>v. )<br><br>U.S. BANK NATIONAL ASSOCIATION, )<br><br>Defendant<br>Third-Party Plaintiff, )<br><br>v. )<br><br>REDWOOD REINSURANCE SPC, LTD., SOUTHPORT LANE ADVISORS, SOUTHPORT SPECIALTY FINANCE ADMINISTRATIVE AGENCY SERVICES, and ALEXANDER CHATFIELD BURNS, )<br><br>Third-Party Defendants. ) | Civil Action No.: 3:15-cv-1300-JMC<br><br><br><br><br><br><br><br><br><br>**ATTACHMENT A:**<br>**ACKNOWLEDGMENT OF**<br>**UNDERSTANDING AND**<br>**AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated [confidentiality order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the District of South Carolina in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern. To the extent the undersigned is employed by a Competitor, as defined in paragraph 7 of the Confidentiality Order, the undersigned further acknowledges that disclosure to his or her employer of any such confidential information constitutes a violation of

the Confidentiality Order. Similarly, to the extent the undersigned is employed by a Competitor, as defined in paragraph 7 of the Confidentiality Order, the undersigned further acknowledges and confirms that his or her employer has sufficient practices and controls in place to ensure that information provided to the undersigned will not be transferred, communicated, or otherwise disseminated to other individuals employed by the undersigned's employer or otherwise used by the undersigned's employer for any purpose whatsoever, including but not limited to use by the undersigned for any reason in any manner (other than for use in this litigation) in the course of his or her position at his or her employer.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name:              [undersigned name [att A]]
Job Title:         [Job Title [att A]]
Employer:          [Employer [att A]]
Business Address:  [Business Address [att A]]

Date:  **[date attachment A signed]**                    [Signature [attachment A]]
                                                         Signature