# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| COMPANION PROPERTY & CASUALTY INSURANCE COMPANY (n/k/a SUSSEX INSURANCE COMPANY), | Civil Action No. 3:15-cv-01300-JMC |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| REDWOOD REINSURANCE SPC, LTD., SOUTHPORT LANE ADVISORS, SOUTHPORT SPECIALTY FINANCE, ADMINISTRATIVE AGENCY SERVICES, and ALEXANDER CHATFIEELD BURNS, | |
| Third-Party Defendants. | |

This matter is before the court on the Motion to Compel of Defendant and Third-Party Plaintiff U.S. Bank National Association ("Defendant") (ECF No. 113). Plaintiff Companion Property & Casualty Insurance Company ("Plaintiff") filed a Response in Opposition (ECF No. 122).

Fed. R. Civ. P. 26 states that parties must provide "a computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from

1

disclosure, on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii).  The precise meaning of "computation" is not defined within the rule, however courts interpret the requirement to include providing "disclosure of evidentiary material upon which the category of damages is based, including materials bearing on the nature and extent of the injuries suffered."  *Stemrich v. Zabiyaka*, No. 1:12-CV-1409, 2013 WL 4080310, at *1 (M.D. Pa. Aug. 13, 2013) (citing *Gomez v. Markley*, Civ. No. 07–cv–0868, 2011 WL 112886, at *2 (E.D. Pa. Jan. 13, 2011).  To this end, courts also require more than a mere dollar amount to satisfy the computation requirement.  *Id.* (citing cases); *accord In re Oakwood Homes Corp.*, 340 B.R. 510, 541 (Bankr. D. Del. 2006) (citing cases).

"If a party fails to make a disclosure" required by Fed. R. Civ. P. 26, "any other party may move to compel disclosure and for appropriate sanction" after it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a).  Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).

Defendant's primary contention is that Plaintiff's initial and supplemental disclosures thus far are deficient.  (*See* ECF No. 113 at 8.)  Defendant asserts that Plaintiff failed to satisfy its mandatory obligations required by Fed. R. Civ. P. 26(a)(1)(A)(iii) by not providing "information in its possession showing how it calculated [its disclosed minimum damage amount]" and by not "produc[ing] the underlying records supporting [its disclosed minimum damage amount].  (*Id.*)  Defendant rejects Plaintiff's assertion that "its Rule 26(a)(1)(iii) disclosures are sufficient because [Plaintiff] may supplement them with an expert report." (*Id.* at 9.)  Defendant specifically requests that the court compel Plaintiff to "provide a computation of each category of damages claimed based on the best information now available to it, including the amount of Grantors' obligations

under the reinsurance trust agreement it had to pay from its own funds due to a shortfall of collateral in the trust accounts." (*Id.* at 11.)

Plaintiff, however, contends in its Response that Defendant's Motion to Compel is both contrary to law and mooted by Plaintiff's Second Supplemental Initial Disclosure. (ECF No. 122 at 4–7.) Specifically, Plaintiff argues that where the method of damages calculation is the subject of expert evidence, "initial disclosure of the amount of damages the party allegedly suffered may be sufficient even though the disclosing party failed to disclose the precise method by which it calculated the specified amount." (*Id.* at 4 (citing Moore's Federal Practice § 26.22[4][c][ii]).) Further, Plaintiff cites *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 WL 1596722 (E.D.N.C. May 7, 2012) for the proposition that an expert report may "satisf[y plaintiff's] obligation under Rule 26(a)(1)(A)(iii)" as a supplement under Fed. R. Civ. P. 26(e). (*Id.* at 5.) Plaintiff also notes that it has provided U.S. Bank with "the composition of its damages claim, the categories of documents it would rely on to determine those damages, and [Plaintiff] expressly stated that those documents would be produced at the appropriate time." (*Id.* at 6.)

Broad discretion is afforded to a district court's decision to grant or deny a motion to compel. *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988). Exercising that discretion here, this court finds Plaintiff has not adequately satisfied its obligation under Fed. R. Civ. P. 26(a)(1)(A)(iii). Generally, an expert report may not simply stand in the place of Plaintiff's required 26(a)(1)(A)(iii) disclosures. *See Frontline Med. Associates, Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569–70 (C.D. Cal. 2009) (ruling that future expert analysis did not relieve the Plaintiff of its obligations under Fed. R. Civ. P. 26(a)(1)(A)(iii)). *But see City & Cty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (citing *Pine Ridge Recycling, Inc. v. Butts Cty., Ga.*, 889 F. Supp. 1526, 1527 (M.D. Ga. 1995)) ("[D]isclosing a

3

precise figure for damages without a method of calculation may be sufficient in cases where other evidence is developed *e.g.* in the context of a preliminary hearing, and it is appropriate to defer further specification to *e.g.* development of expert testimony."). While this court recognizes that Plaintiff intends to supplement its damages computation in its expert report, it is appropriate at this time for Plaintiff to provide an initial estimate as to each damage category[1] and a general analysis as to how it computed the figure. *See In re Oakwood Homes Corp.*, 340 B.R. 510, 541 (Bankr. D. Del. 2006). Such computation is also necessary for the parties' evaluation of the case.

For these reasons, this court **GRANTS** Plaintiff's Motion to Compel (ECF No. 113). Plaintiff is ordered to use the best of its ability, based on the best information available to it, to produce a computation of each category of its damages, excluding punitive damages, as addressed in Defendant's Motion to Compel (ECF No. 113) no later than July 8, 2016. Plaintiff's disclosure is to be made with both parties' understanding that the computation of damages may be supplemented by Plaintiff and/or its expert(s).

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

June 24, 2016
Columbia, South Carolina

---

[1] Plaintiff is not required to provide a computation of its punitive damages at this time. *See E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011) (compiling cases where district courts denied motions to compel computations of emotional distress and punitive damages).