# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Companion Property and Casualty Insurance Company (n/k/a Sussex Insurance Company), | ) ) ) ) |
| Plaintiff, | ) Civil Action No. 3:15-cv-01300-JMC |
| v. | ) ) |
| U.S. Bank National Association, | ) ) |
| Defendant. | ) ) |
| U.S. Bank National Association, | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) **ORDER** |
| Redwood Reinsurance SPC, Ltd.; Southport Specialty Finance; Southport Lane Advisers; Administrative Agency Services; Alexander Chatfield Burns, | ) ) ) ) ) ) |
| Third-Party Defendants. | ) ) |
| Alexander Chatfield Burns, | ) ) |
| Fourth-Party Plaintiff, | ) ) |
| v. | ) ) |
| U.S. Bank Trust National Association, | ) ) |
| Fourth-Party Defendant. | ) ) |

This matter is before the court pursuant to Defendant U.S. National Bank Association's ("Defendant") Motion to Compel Individual Privilege Log and Documents Withheld and Redacted (ECF No. 229) as to Plaintiff Companion Property & Casualty Insurance Company

("Plaintiff"). The court observes that in its Motion, Defendant initially moved for an order compelling Plaintiff to produce a more-detailed "document-specific privilege log of redacted and withheld documents" which pre-date February 14, 2014. (ECF No. 229 at 2.) "As part of producing a more-detailed log," Defendant requested that "with respect to any work product claims," Plaintiff should provide information regarding "what litigation it anticipated, when the litigation was anticipated, the facts that caused . . . [Plaintiff] to anticipate the litigation, and how that anticipation drove the creation of the withheld document." (Id. at 14.) Additionally, Defendant moved for an order compelling Plaintiff to produce "(1) communications of Robert Rhodes for the time period during which he served . . . [as Plaintiff's] Vice President and Chief Operating Officer; (2) . . . [Plaintiff's] communications with third-party McGladrey LLP; and (3) communications with or sent to third parties." (Id. at 2 & 19.) In support of its Motion, Defendant asserted that Plaintiff "is abusing the attorney-client privilege and work product doctrine" by withholding "entirely more than 9,500 responsive documents" and redacting "more than 2,700 responsive documents." (ECF No. 229 at 2.)

Plaintiff responded to the Motion to Compel asserting that it submitted a categorical privilege log[1] (ECF No. 229-12) because the parties had expressly agreed that this method could be used. (ECF No. 241 at 2–3 (citing ECF Nos. 229-2 at 2–3, 229-3 at 2–3 & 229-5 at 2–3).) Plaintiff further asserted that the parties had agreed that privilege logs did not need to identify redacted documents in which the asserted privilege was evident on the face of the document. (Id. at 12 (citing ECF Nos. 229-2 at 2–3, 229-3 at 2–3 & 229-5 at 2–3).) As a result, Plaintiff argued

---

[1] Categorical privilege logs identify documents withheld from production in groups as opposed to the traditional method of listing individually each document that is subject to a privilege or immunity. Jennifer H. Rearden & Seema Gupta, How Litigants Should Approach Categorical Privilege Logs, New York Commercial Litigation Insider, Sept. 22, 2014, http://www.gibsondunn.com/publications/Documents/ReardenGupta-HowLitigantsShould ApproachCategoricalPrivilegeLogs.pdf.

that it produced an appropriate, categorical privilege log after reviewing "each potentially privileged document [involving Rhodes, McGladrey, third parties, and/or other individuals/entities] to determine whether it contained privileged or work product information." (Id. at 3).

Thereafter, in its Reply, Defendant changed the requested relief in its Motion to Compel to the following:

> 1. A metadata log of each withheld document dated before February 14, 2014, including (a) the date sent of any email, letter, or communication, or the date created and last modified for every word, excel, or other communication; (b) document custodian; (c) to, from, and cc for each email; and (d) subject line for emails or file name for documents; 2. An individual log for each redacted document dated before February 14, 2014 that are (a) communications between non-lawyers; (b) communications on which an attorney is only cc'd and multiple non-attorneys are present; and (c) communications that were withheld solely because of the presence of an attorney who wears 'two hats;' 3. An individual log for all documents withheld or redacted based solely on the presence of Mr. Rhodes dated before February 14, 2014; 4. Affidavit(s) from the person(s) with knowledge regarding the roles of various third parties and the basis for the common interest privilege asserted on the log; 5. Affidavit(s) from the person(s) with knowledge specifying the facts that support Companion's claim that Companion anticipated litigation and that the document withheld was created because Companion anticipated litigation for any document withheld on the basis of work product dated before February 14, 2014; and 6. All communications involving McGladrey in January and February 2014 where McGladrey was not 'translating' information from Companion.

(ECF No. 257 at 18–19.) In response to Defendant's Reply, Plaintiff proposed that it was willing to provide (1) "a metadata log for all documents withheld or redacted (including documents related to Robert Rhodes, Esq.) dated before February 14, 2014 by November 30, 2016"; (2) "an affidavit from the person(s) with knowledge regarding the privileged third parties and common interest parties by November 30, 2016"; and (3) "a list of the anticipated litigation(s) for the documents withheld on the basis of work product protection dated before February 14, 2014 by November 30, 2016." (ECF No. 266 at 9.) However, Plaintiff was adamant that its communications with McGladrey were protected by the attorney-client privilege. (Id. at 6–8.)

3

Defendant accepted in part Plaintiff's proposal, but asked the court to (1) require production of the agreed upon information to occur on November 14, 2016; (2) review "communications from McGladrey in January and February 2014 to determine if they have properly been withheld"; and (3) have Plaintiff attach to the list of anticipated litigations "an affidavit stating the point in time it anticipated such litigation, the facts that caused it to anticipate such litigation and describe the categories and types of documents that were created in anticipation of such litigation . . . ."  (ECF No. 269 at 2–3 & 5.)

## I.     LEGAL STANDARD

Under Rule[2] 26(b)(5), a party desiring to withhold "information otherwise discoverable" on the basis that the information "is privileged or subject to protection as trial-preparation material" must provide an index of the withheld documents.  Fed. R. Civ. P. 26(b)(5).  "To comply with the requirements set forth in Rule 26(b)(5)(A), a party seeking protection from producing documents must produce a privilege log that 'identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter.'"  AVX Corp. v. Horry Land Co., Inc., C/A No. 4:07-cv-3299-TLW-TER, 2010 WL 4884903, at *3 (D.S.C. Nov. 24, 2010) (quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 250 F.R.D. 251, 264 (D. Md. 2008)).  "The party asserting the privilege 'must identify the elements of the applicable privilege and demonstrate that each element is present for each document for which they claim the existence of a privilege.'"  AVX Corp., 2010 WL 4884903, at *3 (quoting Richardson v. Sexual Assault/Spouse Abuse Research Ctr., Inc., No. MJG-09-3404, 2010 WL 4290327, at *5 (D. Md. Oct.28, 2010)).  "When a party provides an inadequate or untimely privilege log, the Court may choose between four remedies: (1) give the

---

[2] The court observes that "Rule" refers to the Federal Rules of Civil Procedure.

party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) inspect in camera all of the withheld documents; and (4) inspect in camera a sample of the withheld documents." Nationwide Mut. Fire Ins. Co. v. Kelt, Inc., No. 6:14-cv-749-Orl-41TBS, 2015 WL 1470971, at *9 (M.D. Fla. Mar. 31, 2015).

A court has discretion to limit a party's burden of preparing a Rule 26(b)(5) privilege log. Benson v. Rosenthal, C/A No. 15-782, 2016 WL 1046126, at 10 (E.D. La. Mar. 16, 2016). While document-by-document privilege logging is the norm, "[c]ourts have allowed categorical logging when a document-by-document log would be unduly burdensome or when 'the additional information to be gleaned from a more detailed log would be of no material benefit to the discovering party in assessing whether the privilege claim is well grounded.'" First Horizon Nat'l Corp. v. Hous. Cas. Co., No. 2:15-cv-2235-SHL-dkv, 2016 WL 5867268, at *5 (W.D. Tenn. Oct. 5, 2016) (quoting S.E.C. v. Thrasher, No. 92 CIV. 6987 (JFK), 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996)). "The sufficiency of a categorical privilege log turns on whether the categories of information are sufficiently articulated to permit the opposing party to assess the claims of privilege or work product protection." Teledyne Instruments, Inc. v. Cairns, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5781274, at *16 (M.D. Fla. Oct. 25, 2013).

## II.    ANALYSIS

In its Motion, Defendant argues that Plaintiff's Categorical Privilege Log is deficient because it does not "provide[] information about the nature of the withheld documents sufficient to enable the receiving party to make an intelligent determination about the validity of the assertion of the privilege." (ECF No. 257 at 6 (quoting Auto. Club of N.Y., Inc. v. Port Auth., 2014 WL 2518959, at *5 (S.D.N.Y. June 4, 2014)).) Defendant complains that within the sixty-five entries of Plaintiff's Categorical Privilege Log, there are entries which (1) refer to

documents created in "anticipation of litigation" that do not indicate what the litigation was about or when it was anticipated, (2) fail to specify which attorney was acting in connection to the communication or document, and (3) identify third party recipients of documents without explaining how such disclosure did not waive the attorney-client privilege and/or work product protection. (ECF Nos. 229 at 7–8, 18 & 257 at 7.) To emphasize these alleged deficiencies, Defendant identified category 36 as a prime example of how Plaintiff's Categorical Privilege Log does not allow a realistic determination of the applicability of a privilege or protection because the "category holds 646 documents, spans three years, and names no less than 72 different people: 48 'client/employees' at . . . [Plaintiff]; 11 attorneys from three different law firms and . . . [Plaintiff] itself; and 14 individuals from seven so-called 'qualified third parties.'" (Id.)

Upon review of the Categorical Privilege Log in the context of Defendant's complaints, the court finds that Plaintiff's log does not allow Defendant or the court to test the applicability of the attorney-client privilege and/or work product protection as to each document sought to be withheld. Accordingly, the court concludes that Plaintiff's Categorical Privilege Log is inadequate.

### III.  CONCLUSION

In light of the foregoing, the court **GRANTS IN PART** Defendant's Motion to Compel and **ORDERS** Plaintiff to provide the following agreed upon information to Defendant on or before November 18, 2016:[3]

1. a metadata log for all documents withheld or redacted dated before February 14, 2014;

---

[3] The court considered all remedies to an inadequate privilege log. The court will not waive any privilege or protection at this time.

2. affidavit(s) from the person(s) with knowledge regarding the privileged third party and common interest parties; and

3. a list of anticipated litigation(s) for the documents withheld on the basis of work product protection dated before February 14, 2014, and with respect to each item on the list, an identification of the point in time that the litigation was anticipated, the facts that caused Plaintiff to anticipate litigation, and a general description of the types of and categories of documents that were created in anticipation of that litigation.

The court further **ORDERS** Plaintiff to submit for in camera review on or before November 10, 2016, all communications involving McGladrey LLP from January and February 2014. The court will consider this aspect of the Motion to Compel denied pending its review of the McGladrey documentation.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 3, 2016
Columbia, South Carolina