# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Companion Property and Casualty Insurance Company (n/k/a Sussex Insurance Company), <br><br> Plaintiff, <br><br> v. <br><br> U.S. Bank National Association, <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> Redwood Reinsurance Spc. Ltd., Southport Lane Advisors, Southport Specialty Finance Administrative Agency Services, and Alexander Chatfield Burns, <br><br> Third-Party Defendants, | Civil Action No. 3:15-cv-01300-JMC <br><br><br><br><br><br><br><br> **ORDER** |

This matter is before the court pursuant to a motion by Plaintiff Companion Property and Casualty Insurance Company ("Plaintiff") for an order to quash, or in the alternative, for an order to modify a subpoena issued by Defendant U.S. Bank National Association ("Defendant") to non-party South Carolina Department of Insurance ("SC DOI").

## I. BACKGROUND

On February 21, 2017, Plaintiff moved to quash the subpoena issued by Defendant upon non-party SC DOI. (ECF No. 342). Specifically, Plaintiff seeks an order pursuant to Fed. R. Civ. P. 45 quashing the subpoena, or in the alternative, modifying the subpoena to grant Plaintiff

1

reasonable time to review all documents that SC DOI identifies as responsive and raise document specific objections as grounds to further modify the subpoena. (ECF No. 392 at 4.)

In the subpoena, Defendant commanded in nine different requests, that SC DOI produce "all documents and communications" related to information about Plaintiff's finances that Plaintiff reported to SC DOI. In its Motion to Quash, Plaintiff requests that the court quash or modify the subpoena because Defendant seeks 1) confidential information that is protected by statute, 2) production of documents and materials that were previously produced, and 3) production of documents and materials that are overly broad and not relevant to this matter. (ECF No. 342 at 1.)

On March 7, 2017, Defendant opposed Plaintiff's Motion, arguing that 1) the statutory privileges invoked by Plaintiff's Motion to Quash do not protect all relevant documents and information in SC DOI's possession, 2) relevant documents maintained and created by SC DOI have not been previously produced, and 3) the documents that Defendant requests are narrowly tailored to obtain relevant information. (ECF No. 381 at 3.) Furthermore, Defendant argues that Plaintiff's concern about the statutory privilege associated with the requested documents has already been addressed because SC DOI has promised to review the documents prior to production and ensure that privileged documents are not produced.

Plaintiff replied to Defendant's opposition on March 14, 2017, arguing that SC DOI's review of the documents is insufficient, and further requesting that the court quash or modify the subpoena.

## II. STANDARD OF REVIEW

Before reaching the merits of a motion to quash, the court must first determine whether the moving party has standing to challenge the subpoena. *HDSherer LLC v. Natural Molecular*

*Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013) (citation omitted). Specifically, "a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *Id*. (citing *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005)). If the court determines that a party has standing, the court must, on motion, "quash or modify the subpoena if it requires disclosure of privileged or other protected matter […]." Fed. R. Civ. P. 45(d)(2)(3)(iii). In addition, the court may, on motion, "quash or modify the subpoena if it requires…disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(b)(i).

In general, the court has broad discretion in fashioning and limiting discovery requests. *See generally Tiedman v. Am. Pigment Corp.,* 253 F.2d 803, 808 (4th Cir. 1958). Nevertheless, the scope of discovery under a subpoena is the same as the scope of discovery under Fed. R. Civ. P. 26. *See Singletary v. Sterling Trans. Co., Inc.*, 289 F.R.D. 237, 240 (E.D. Va. 2012)(citing *Cook v. Howard,* No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012). Pursuant to Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense […]." Furthermore, "[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013).

### III.  ANALYSIS

Upon review, the court finds that Plaintiff has privilege in the information sought and standing to challenge the subpoena pursuant to the South Carolina Insurance Holding Company Regulatory Act ("the Act"). The Act prevents certain information provided by an insurer to SC DOI from disclosure to third parties. Specifically, the Act protects any documents or information that Plaintiff provided to SC DOI as a result of an examination by the director to determine

3

Plaintiff's financial condition pursuant to S.C. Code Ann. § 38-21-280 (2015), or in compliance with S.C. Code Ann. § 38-21-70(A)(13) and (14) (2015), and S.C. Code Ann. §§ 38-21-130 through 38-21-270 (2015). Notably, the Act states that documents provided in compliance with S.C. Code Ann. § 38-21-70(A)(13) and (14) (2015), and S.C. Code Ann. § 38-21-130 through 38-21-270 (2015), "must be confidential by law and privileged, shall not be subject to disclosure, may not be subject to subpoena, […] and may not be subject to discovery or admissible in evidence in any private civil action." Defendant's subpoena, requesting "all documents and communications" related to Plaintiff's financial information, broadly commands that SC DOI provide information that is confidential and privileged under the Act. Therefore, Plaintiff has a statutory privilege in the information sought and standing to challenge Defendant's subpoena.

After a thorough and careful review of the subpoena, Motion to Quash, and record in this case, the court declines to quash the subpoena issued by Defendant upon SC DOI. Although Defendant requests the production of information that may be confidential and protected by statute, these statutory privileges do not protect all of the relevant and responsive information that Defendant seeks. Pursuant to Fed. R. Civ. P. 26, the court finds that Defendant may obtain all information from SC DOI regarding non-privileged documents that are relevant to Defendant's claims and defenses. Notably, both parties have conceded that several documents requested by the subpoena are non-privileged and relevant to the matter.[1] Therefore, the court finds that the documents and information sought by the subpoena are not overly broad or

---

[1] Both parties have stipulated, and the court agrees, that the Act does not protect the following documents from disclosure: annual and quarterly financial statements, audited financial statements, consumer complaints and the insurer's response thereto, SC DOI inquiries not issued as a result of an Examination Warrant or as part of an affiliated company transaction (Form D), holding company registration statements (Form B), nearly all transactional documents submitted in connection with a change in control of any insurer (Form A material), policy form filings, policy rate filings, applications for a new or expanded certificate of authority, premium tax filings, and nearly all producer appointments and terminations. (*See* ECF Nos. 381 at 4 and 392 at 2.)

irrelevant.[2] Additionally, the court finds no evidence indicating that the documents and information sought by the subpoena have been previously produced. For these reasons, the court declines to quash the subpoena issued by Defendant upon SC DOI.

However, the court finds that SC DOI's promise to review the documents subject to privilege under the Act is insufficient to adequately address Plaintiff's concern about the statutory privilege associated with the documents. Plaintiff has standing to challenge the production of documents that are privileged under the Act. Furthermore, as the party objecting to discovery, Plaintiff bears the burden to establish that the production of privileged documents should not be permitted. *See HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013). Consequently, the court finds that Plaintiff must be accorded reasonable time to review the documents that SC DOI identifies as responsive to the subpoena, and raise document-specific objections to the production of documents that it determines are privileged under the Act.

Therefore, the court **GRANTS IN PART** Plaintiff's Motion such that SC DOI shall not be required to produce documents that are privileged under the South Carolina Insurance Holding Company Regulatory Act, and **DENIES IN PART** Plaintiff's Motion to the extent that it seeks to prevent the production of non-privileged and relevant information. Accordingly, Plaintiff is permitted to review any potentially privileged document that SC DOI has identified as relevant and responsive for production, and submit document-specific objections to the court on or before May 5, 2017. Furthermore, SC DOI shall produce all potentially privileged documents to Plaintiff for review on or before April 21, 2017. Additionally, SC DOI shall produce all

---

[2] Both parties have stipulated, and the court agrees, that information provided to SC DOI by or on behalf of Blue Cross or other related entities is beyond the scope of discovery in this matter. (*See* ECF Nos. 381 at 9 and 392 at 4.) Therefore, the court **MODIFIES** the subpoena to preclude all information provided to SC DOI by or on behalf of Blue Cross or other related entities.

documents that the parties have identified as non-privileged and relevant to the matter to Defendant on or before April 21, 2017.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 7, 2017
Columbia, South Carolina